## J. C. COFFEE V. CHICAGO, ROCK ISLAND & GULF RAILWAY COMPANY.

### No. 2131. Decided February 22, 1911.

**1.—Collision at Crossing—Contributory Negligence—Causal Connection—Charge.**

In a case where the plaintiff driving over a railway crossing was struck and injured by a train, an instruction that he was entitled to recover if caused to drive on the track by negligent omission of the statutory crossing signals by defendant "without fault or negligence on the part of plaintiff that caused or proximately contributed to his injuries" was not affirmatively erroneous as submitting the issue of proximate cause where the causal connection was not questionable. An instruction given that if he was negligent in driving on the track without looking or listening, and was thereby injured, when if he had looked or listened he would have discovered the approaching train, he could not recover was consistent with the preceding, and the two together presented both phases of the issue. (Pp. 128-130.)

**2.—Cases Discussed.**

Parks v. San Antonio, 100 Texas, 225, approved and followed. Texas & P. Ry Co. v. McCoy, 90 Texas, 264, and similar cases distinguished. (Pp. 129, 130.)

Error to the Court of Civil Appeals, Second District, in an appeal from Wise County.

Coffee sued the railway company and had judgment. Defendant appealed. On reversal and remand the appellee obtained writ of error on account of conflict of rulings.

*R. E. Carswell, Robert Carswell* and *Stephens & Miller,* for plaintiff in error.—Said language of the charge did not, as held by the Court of Civil Appeals, submit an issue not raised by the evidence, nor instruct the jury that they might find that the plaintiff's negligence did not contribute to his injury. Said decision is in irreconcilable conflict with the case of El Paso & N. E. Ry. Co. v. Campbell, 100 S. W., 170, and also with Parks v. San Antonio Trac. Co., 100 Texas, 222; Gulf, C. & S. F. Ry. Co. v. Rowland, 90 Texas, 365; Texas &

P. Ry. Co. v. McCoy, 90 Texas, 264; Culpepper v. International & G. N. Ry. Co., 90 Texas, 627; and possibly with Johnson v. International & G. N. Ry. Co., 57 S. W., 869.

*N. H. Lassiter, Robert Harrison* and *T. J. McMurray,* for defendant in error.—The evidence shows that the plaintiff was guilty of contributory negligence in driving on the track in front of the moving train, under the circumstances as shown in the record. Railway Co. v. Wiley, 118 S. W., 1127; Railway Co. v. Edwards, 100 Texas, 22; Railway Co. v. Briscoe, 49 Texas Civ. App., 613; Railway Co. v. Boyd, 105 S. W., 520; Railway Co. v. Kauffman, 101 S. W., 819; Railway Co. v. Wyatt, 35 Texas Civ. App., 119; Railway Co. v. DeOllos, 33 Texas Civ. App., 220; Railway Co. v. Branom, 73 S. W., 1065; Railway Co. v. Haas, 19 Texas Civ. App., 645; Railway Co. v. Garlison, 9 Texas Civ. App., 456; Turner v. Railway Co., 30 S. W., 254; Sanchez v. Railway Co., 30 S. W., 431, 88 Texas, 117; Railway Co. v. Ryan, 80 Texas, 61; Railway Co. v. Kutac, 72 Texas, 651; Railway Co. v. Moss, 4 Texas Civ. App., 320; Railway Co. v. Fuller, 5 Texas Civ. App., 660; Railway Co. v. Hughes, 67 Texas, 595; Hoover v. Railway Co., 61 Texas, 503; Railway Co. v. Dean, 76 Texas, 73; Kentley v. Railway Co., 65 Fed., 391; Wilds v. Railway Co., 24 N. Y., 430; Railway Co. v. Houston, 95 U. S., 702.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

From the opinion of the court of Civil Appeals we extract this statement:

"While J. C. Coffee was driving a team of mules attached to a wagon, he was struck and injured, his mules killed and his wagon destroyed by one of the trains of the Chicago, Rock Island & Gulf Railway Company at a point where the public road on which he was traveling crossed the track of the railway company. He sued the company for damages resulting to him from the accident and from a judgment in his favor for $5,000, the defendant has appealed.

"The alleged failure of the railway company to sound the statutory warnings of the approach of the train to the crossing was the only issue of negligence submitted by the court in the charge given the jury as a basis for plaintiff's recovery. Several assignments of error are addressed to the following instruction given by the court in his charge to the jury:

" 'If you find and believe from a preponderance of the evidence that the plaintiff was crossing the track of the defendant's railway at a public crossing with his mule team and wagon, and if you believe that when the plaintiff was on the defendant's track upon said public crossing, the team of the plaintiff which he was driving to his wagon was struck by one of the defendant's engines on its said track and killed, and the wagon destroyed and that plaintiff was by reason of his team being so struck, thrown from his wagon and was thereby hurt, and injured as charged in his petition, without fault or negligence on the part of the plaintiff that caused or proximately contributed to the plaintiff's injuries; and if you believe that the agents and employees of the defendant operating said engine and train, failed to blow the

whistle at a distance of at least eighty rods from said crossing, and to ring the bell at said distance from said crossing, and to keep the said bell ringing until said crossing was reached, and if you believe that by reason of the failure to so blow the whistle and ring the bell, plaintiff drove upon the track and his team was struck and killed, and his wagon destroyed and the plaintiff hurt, the plaintiff would be entitled to recover.' "

The charge copied above did not submit to the jury the question whether the fact of the plaintiff being upon the track contributed to his injury but required the jury to find that the plaintiff was "without fault which contributed to his injury" before they could find a verdict in his favor. He might have been at fault in not looking and listening, or in other respects, whereby he would have been defeated. In Parks v. San Antonio, 100 Texas, 225, this court, speaking through Mr. Justice Williams, stated very clearly the proper test for such charges:

"To illustrate, there being nothing in the charge given affirmatively authorizing the jury to return a verdict for plaintiff, although he may have been negligent, if his negligence did not contribute to his damage, a further instruction that the uncontroverted evidence showed that, if he had done the act charged against him, it did so contribute, and that, therefore, if they should find that he did the act, and that it was negligent, they should sustain the defense, would have been substantially consistent with all the other instructions, and would have made the charge as full as the defendant claims it should have been. This proves that that which is complained of was a mere omission, for, if it were a wrong statement of the law, a correct statement of it would introduce a conflict. In the other class of cases, since the charges required the jury to find whether or not the negligence of the plaintiff's contributed to their injuries, and to decide in favor of the plaintiff if such was not found to be the fact, a further instruction such as we have supposed, as to the effect of the uncontroverted evidence, would have been in conflict with the directions already given. This seems to us to be the fair way in which to determine the question whether or not the charge has merely omitted a proper instruction, or has given a positive misdirection, and the dependent question whether or not it was the duty of the party to request further instructions."

That test is presented by the following charge which was requested by the defendant and given by the court:

"The defendant requests the court to charge the jury, that if they find from the evidence in this case that the plaintiff was struck by one of defendant's engines and injured, but you also find that before he drove upon the track he did not look or listen to see the approach of any train, that might be approaching, and that he was guilty of negligence in not looking and listening for the approach of the train, and that a person of ordinary care would have looked or listened before going upon said track, and that he was thereby injured and that if he had looked or listened before he drove upon the track he would have discovered the approach of the train in time to have escaped injury, you will find for defendant railway company."

Reading in connection the charges given, both phases of the issue are

presented, and the charge, as a whole, is consistent. The writer is unable to better state the distinction between this case and Texas & Pacific Railway Co. v. McCoy, 90 Texas, 264, and others of that class, than is done in Parks v. San Antonio, cited above, in this language:

"In each of the three first-named cases the charge, in effect, directed the jury to make inquiry as to the existence of the fact which the evidence conclusively established, and told them that if they found that it did not exist the plaintiff would not be defeated by his own negligence; in other words, the jury were told that, although the plaintiff may have done the thing charged against him as negligent, and although it may have been negligent, he could still recover if it did not proximately contribute to his injury, when the patent fact was that it did contribute. This is what the court held to constitute affirmative error, because it, in effect, informed the jury that the fact was in issue, when it was not, and authorized them to find for the plaintiff in opposition to the uncontroverted evidence."

We take jurisdiction in this case because of conflict with Railway Company v. Campbell, 100 S. W., 170.

The Court of Civil Appeals erred in holding that the trial court erred in giving the charge first above set out and in reversing the judgment of the District Court. It is therefore ordered that the judgment of the Court of Civil Appeals be reversed and that the judgment of the District Court be affirmed.

*Reversed and judgment of District Court affirmed.*