COBO v. RODRIGUEZ et al. (No. 908.) *

(Court of Civil Appeals of Texas. El Paso. Jan. 16, 1919. Rehearing Denied Feb. 20, 1919.)

1. MASTER AND SERVANT ⟐⟐330(3)—EMPLOYMENT OF UNLICENSED PLUMBER—EVIDENCE—SUFFICIENCY.

In an action for damages by fire caused by negligence of plumber hired by defendant, evidence that such employé was a tinner did not establish that he was an unlicensed plumber who was doing plumbing work unlawfully.

2. NEGLIGENCE ⟐⟐136(17)—SETTING FIRE TO PROPERTY—DIRECTION OF VERDICT.

In an action for damages by setting fire to hay through alleged negligence of defendant's employés, a peremptory instruction was properly given, where there was no evidence that the fire was caused by any negligence traceable to defendant, direct or indirect.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by Jose Cobo against Petra Rodriguez and others. From a judgment for defendants on an instructed verdict, plaintiff appeals. Affirmed.

M. W. Stanton, of El Paso, for appellant. W. H. Pelphrey, of El Paso, for appellee.

HIGGINS, J. Cobo sued appellees to recover as damages the value of certain hay alleged to have been destroyed by fire through the negligence of defendants. From an instructed verdict and judgment in defendants' favor, he appeals.

It appears that appellees were the owners of certain premises upon which there was a warehouse filled with hay belonging to Cobo. Adjoining the warehouse was a toilet which

---

⟐⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction March 12, 1919.

became out of repair. To repair the same, Petra Rodriguez employed a man. While the repairs were being made, the hay caught fire and was destroyed.

Viewed in its aspect most favorable to appellee, the evidence simply shows that the man making the repairs was doing so with the assistance of his young son as a helper, and that while so engaged the hay caught fire. It wholly fails to show in what manner the fire originated. There is nothing to show that it originated through the negligence of the employé or the helper. The most that can be inferred is that the origin of the fire in some manner was connected with the work being done.

[1] One of the grounds of negligence alleged was that the man employed was not a licensed plumber and that under the city ordinances it was not lawful for one not so licensed to do plumbing work. There is evidence that the man was a tinner, but none that he was not a licensed plumber. The fact that a man is a tinner does not prevent him from being also a plumber. It does not follow that he is not licensed to do plumbing simply because he is a tinner. There is no evidence that this man was not so licensed. Furthermore, the ordinance does not make it unlawful to employ one to do plumbing work who is unlicensed.

[2] There being no evidence that the fire was caused by any negligence traceable to defendant, directly or indirectly, the peremptory instruction was properly given.

Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes