## MUCKLEROY v. C. S. HAMILTON MOTOR CO.

### No. 3910.

Court of Civil Appeals of Texas. Texarkana. Nov. 20, 1930.

W. E. West, of Canton, and Butler, Price & Maynor, of Tyler, for appellant.

Thomas, Frank & Grady, of Dallas, Tomas G. Pollard, of Tyler, and Wynne & Wynne, of Wills Point, for appellee.

LEVY, J. (after stating the case as above).

It is conceded that it is the clearly followed principle that where the answer by the jury to material special issues are inconsistent, in view of all the special findings, a judgment thereon has not legal support Waller v. Liles, 96 Tex. 21, 70 S. W. 17; and other cases. And it is believed that giving the proper legal effect to all the special findings, as constituting a given state of existing

facts, there arises a conflict and an inconsistency in the answers by the jury such as would legally operate to deny any judgment being taken thereon. According to the findings of the jury, the driver of the appellee's automobile was operating it (headed east) "on the lefthand side of the center of the highway." B. B. Muckleroy was driving his automobile (headed west) upon the right-hand side of the highway. The appellee's driver was not operating his automobile "at a rate of speed in excess of forty-five miles per hour," and it was not negligence on the part of the driver to run the automobile "at the rate of speed at which he was then operating the automobile." B. B. Muckleroy, however, was driving his automobile "at the rate of speed in excess of forty-five miles per hour," and he attempted to pass the automobile of the appellee "at a rate of speed greater than fifteen miles per hour." A collision resulted, causing the death of B. B. Muckleroy. The collision that resulted was proximately caused by "the Chrysler automobile in question being driven on the lefthand side of the center of the highway at the time of the collision." The collision was not "an unavoidable accident," and the fast driving of B. B. Muckleroy did not, as found in issues Nos. 14 and 18, "cause or contribute to the cause of the collision." Had there been no other findings by the jury, the effect of all such foregoing affirmative facts would be to fix the act of appellee's driver in traveling on the left-hand side of the highway with being in fact the sole producing cause of the collision and the ensuing death of B. B. Muckleroy if B. B. Muckleroy's fast driving did not in fact "cause or contribute to the cause of the collision" and his ensuing death. For the conduct of B. B. Muckleroy could not be regarded as a proximate cause. But in the light of these facts, the further answer to special issue No. 15 must be considered and construed. That finding was that "B. B. Muckleroy was guilty of contributory negligence in regard to the rate of speed he was operating his automobile on the highway immediately before the collision." In the light of the court's definition of contributory negligence which the jury is presumed to have followed and applied to the evidence, the finding so made by the jury must be regarded as intended by them to mean that the rate of speed at which B. B. Muckleroy was driving his car (in excess of forty-five miles an hour) was in fact "some negligence on the part of the deceased B. B. Muckleroy, which, concurring with some negligence on the part of the operator of the Chrysler automobile in question, caused or contributed to the cause of the death of B. B. Muckleroy." The court so defined to the jury contributory negligence. In this meaning of the answer there is an affirmative finding of fact by the jury that driving the automobile in excess of forty-five miles per hour was in itself negligent conduct on the part of B. B. Muckleroy, having an actual share with the act of appellee's driver in being on the left-hand side of the highway in bringing about the collision. Thus the conduct of B. B. Muckleroy would have to be regarded as conduct in itself contributing to the collision as a proximate cause. Mutuality of the wrong is that by which contributory negligence is ultimately determined. St. Louis S. W. R. Co. v. Arey, 107 Tex. 366, 179 S. W. 860, L. R. A. 1916B, 1065; Martin v. Texas & P. R. Co., 87 Tex. 117, 26 S. W. 1052; St. Louis S. W. Ry. Co. v. Casseday, 92 Tex. 525, 50 S. W. 125. Therefore, the findings, considered as a whole, are inconsistent and contradictory. The appellee's negligence could not be said to be the sole proximate cause of the collision and without conduct on the part of B. B. Muckleroy having an actual share in bringing on the collision and his ensuing death, unless finding No. 15 be entirely disregarded which cannot be done.

Appellee insists that the judgment could be supported in its favor upon the ground alone that there was no finding by the jury of negligence on the part of appellee's driver in driving upon the lefthand side of the highway. The question of negligence vel non was not submitted to the jury, and there is no express finding of negligence by the jury in the respect mentioned. The fact, however, was found by the jury that the appellee's driver was driving at the time of the collision upon the lefthand side of the highway. Article 801 of the Penal Code expressly provides that: "On all occasions the driver or operator of any vehicle upon any public highway shall travel upon the right hand side of such highway unless the road on the left hand side of such highway is clear and unobstructed for a distance of at least fifty yards ahead." In the absence of a statement of facts, in explanation of the situation, we cannot say that the fact found by the jury did not constitute prima facie negligence. The court might have attached that legal effect to the fact, and we cannot assume that it was not so done. There was no request by the appellee to have the issue of negligence vel non in the respect mentioned submitted to the jury.

The judgment is reversed, and the cause remanded for new trial.