## RAMIREZ v. SALINAS et ux.

### No. 1506.

Court of Civil Appeals of Texas. Eastland.

Jan. 24, 1936.

Rehearing Denied Feb. 14, 1936.

Bismark Pope, of Laredo, for appellant.

Ed. A. Mullally, of Laredo, for appellees.

FUNDERBURK, Justice.

Filemon Salinas and wife, whose fourteen year old son was killed by being run over by a truck driven by Octavio Lopez, brought this suit against Leon Ramirez, the owner of the truck, to recover damages for his death. Three grounds of negligence were alleged: (1) That the truck at the time it struck the boy was being driven along a public highway at an excessive, dangerous, and unlawful rate of speed—a speed of over 45 miles per hour; (2) that the truck was at the time being driven along a highway at night without any headlights, or lights of any nature whatsoever; and (3) that under the same circumstances the truck was being driven without adequate brakes. The driver was alleged to be an agent and servant of the defendant and at the time engaged in the discharge of his duties as such.

Allegations which the plaintiffs evidently construed to be a fourth ground of negligence were as follows: " * * * And that defendant had knowledge of the fact that said truck at the time and for sometime previous to the occasion had neither lights nor adequate brakes as required by law." As to all grounds of negligence, it was averred that said acts of negligence, all and each of them, were the direct and proximate cause of the accident which resulted in the injuries and death of the deceased.

The defendant, in addition to exceptions and denials, specially pleaded, in general terms, contributory negligence and unavoidable accident. The jury, to whom special issues were submitted, by their verdict found: (1) That defendant was the owner of the truck; (2) that the truck was running without lights at night when its truck and killed the deceased; (3) that said truck was not equipped with adequate brakes when it struck and killed the deceased; (4) that the deceased at the time of his death did not fail to exercise ordinary care with regard to his own safety upon the highway thereby placing himself in a position of peril; (5) that the plaintiffs did not fail to exercise ordinary care over the conduct and actions of the deceased at the time of the accident with regard to permitting him to place himself in a place of peril; (6) that the driver at the time of the death of the deceased was using the truck in the business and service and under the instructions of Leon Ramirez.

Other issues found the amount of damages. One additional issue with the jury's finding thereon was as follows: "If you have found that Octavio Lopez was at the time of the death of the deceased using the truck in the business and service and under the instructions of Leon Ramirez, was Leon Ramirez guilty of negligence in permitting the truck to be used in the manner and under the circumstances and conditions shown by the evidence if he did permit it to be so used?" The answer was, "Yes."

From the judgment rendered for plaintiffs upon said verdict, the defendant has appealed.

Appellant presents two questions for decision. The first involves a consideration of whether or not the undisputed evidence conclusively and as a matter of law established as a fact that the driver of the truck was not at the time of the accident engaged in a service of his employment with the defendant. The issue was submitted to the jury and found in favor of the appellees. That finding is conclusive upon the point unless, as insisted by the appellant, the uncontroverted evidence was to the contrary. The truck belonged to the defendant. The driver had for a long time previously been working for the defendant. For four or five days previous to the accident, he had been using the truck in hauling cotton seed for defendant's father. If at the time of the accident he had been engaged in the last-named service, we think, under the evidence, there would still probably have been a question of fact as to whose servant he was within the sense material in the present inquiry. But there was evidence to the effect that the driver had finished, or considered that he had finished, the work for defendant's father, and at the time of the accident he was returning to defendant's ranch and carrying a load of cotton seed which he had previously been commanded by the defendant to bring with him when he had finished the work for defendant's father. It is, therefore, our

conclusion that the evidence raised an issue of fact which was properly submitted to the jury.

The second question is whether or not any of the alleged grounds of negligence was conclusively shown by the evidence, as a matter of law, to have been a proximate cause of the injury. The question arises in this way. Although the court submitted issues concerning the existence of three of the grounds of negligence alleged, no issue was submitted presenting the inquiry of whether or not any negligence was the proximate cause of the boy's death. The establishment of that issue either by the verdict of the jury, or by the uncontroverted evidence, was necessary to support the judgment for appellees. The judgment having no basis in the verdict as to that issue, the inquiry is limited to a consideration of whether proximate cause was shown by the uncontroverted evidence.

■■ In any cause of action based upon negligence whether the acts or omissions relied upon as negligence be such per se, or be shown to be such by the evidence, it is essential that the negligence be as a fact the proximate cause of the injuries for which damages are claimed. Such fact is to be determined as any other, constituting an essential element of a cause of action. If there be no evidence to show the existence of the fact, then no issue is raised for submission to a jury. On the other hand, if the evidence so certainly establishes the fact that reasonable minds cannot reach any conclusion to the contrary, the question is likewise one of law to be determined by the court. For decisions of our courts in which it has been held that there was no evidence to even raise an issue that particular negligence was a proximate cause of particular injuries, see Paris & G. N. Ry. Co. v. Stafford (Tex.Com.App.) 53 S.W.(2d) 1019; Texas & P. Ry. Co. v. Shoemaker, 98 Tex. 451, 84 S.W. 1049; Missouri P. Ry. Co. v. Porter, 73 Tex. 304, 11 S.W. 324; Radley v. Knepfly, 104 Tex. 130, 135 S.W. 111; San Antonio & A. P. Ry. Co. v. Behne (Tex.Com.App.) 231 S.W. 354; Harris v. Texas & P. Ry. Co. (Tex.Civ.App.) 28 S.W.(2d) 1093; Franklin v. Houston Electric Co. (Tex.Civ.App.) 286 S.W. 578; Magnolia Pet. Co. v. Ford (Tex.Civ.App.) 14 S.W.(2d) 97; Cobo v. Rodriguez (Tex. Civ.App.) 209 S.W. 196; Davidson v. Bodan Lumber Co. (Tex.Civ.App.) 143 S.W. 700.

For cases in which it has been held (assumed in some) that negligence was conclusively shown by the evidence to be a proximate cause of injuries, see Texas & P. Ry. Co. v. McCoy, 90 Tex. 264, 38 S.W. 36; Gulf, C. & S. F. Ry. Co. v. Rowland, 90 Tex. 365, 38 S.W. 756; Culpepper v. International & G. N. Ry. Co., 90 Tex. 627, 40 S.W. 386; Parks v. San Antonio Traction Co., 100 Tex. 222, 94 S.W. 331, 98 S.W. 1100; St. Louis Southwestern Ry. Co. of Texas v. Missildine (Tex.Civ.App.) 157 S.W. 245; Fort Worth Belt Ry. Co. v. Cabell (Tex.Civ.App.) 161 S.W. 1083; Dowlen v. Texas Power & Light Co. (Tex. Civ.App.) 174 S.W. 674; St. Louis Southwestern Ry. Co. v. Harrell (Tex.Civ.App.) 194 S.W. 971; St. Louis Southwestern Ry. Co. v. Lamkin (Tex.Civ.App.) 220 S. W. 179; Dallas Ry. Co. v. Warlick (Tex. Civ.App.) 268 S.W. 512; Magnolia Pet. Co. v. Beck (Tex.Civ.App.) 41 S.W.(2d) 488; Missouri, K. & T. Ry. Co. v. Hines (Tex. Civ.App.) 40 S.W. 152; McCoy v. Beach-Wittman Co. (Tex.Civ.App.) 22 S.W.(2d) 714; Fort Worth Elevator Co. v. Russell (Tex.Civ.App.) 28 S.W.(2d) 320; Wichita Valley Ry. Co. v. Williams (Tex.Civ.App.) 3 S.W.(2d) 141; Missouri-Kansas-Texas Ry. Co. v. Cheek (Tex.Civ.App.) 18 S.W. (2d) 804; Chicago, R. I. & G. Ry. Co. v. Coffee (Tex.Civ.App.) 126 S.W. 638; Coffee v. Chicago, R. I. & G. Ry. Co., 104 Tex. 127, 134 S.W. 1174; El Paso & N. E. Ry. Co. v. Campbell, 45 Tex.Civ.App. 231, 100 S.W. 170; Gulf, C. & S. F. Ry. Co. v. Hill, 29 Tex.Civ.App. 12, 70 S.W. 103; San Antonio & A. P. Ry. Co. v. Lester, 99 Tex. 214, 89 S.W. 752; Texas & P. Ry. Co. v. Foster (Tex.Civ.App.) 58 S.W.(2d) 557 (appearing in concurring opinion).

■ In our opinion the evidence in this case conclusively established the following facts: That the truck in question was owned by the defendant; that at nighttime, and in the dark, it was being driven without any lights and without adequate brakes along a highway through a small village; that while so driven it struck and killed plaintiffs' son who was crossing from the west to the east side of the road; that just in front of said truck was another truck with proper lights proceeding along the highway in the same direction; that the noise of the truck with lights rendered indistinguishable to any one in its vicinity the noise of the truck without lights; that deceased waited at the roadside for the lighted truck to pass and then proceeding

to cross the road was struck down by the closely following truck without lights or adequate brakes. That the driver of the defendant's truck did not see the boy and had no knowledge of his presence in the highway before he was struck; that the driver, therefore, made no attempt to use his brakes because he knew of no reason to do so.

■ The evidence shows conclusively, we think, that the driver of defendant's truck was guilty of negligence, per se, in driving the truck without lights, and also guilty of negligence, per se, in driving the car without adequate brakes. Those acts were prohibited by penal statutes. Penal Code, arts. 798 and 799. We think the evidence showed conclusively that the negligent act of driving the car without adequate brakes was not a proximate cause of the injuries. The driver not having seen the boy before striking him down, the inadequate brakes served every purpose that fully adequate brakes would have done. The brakes would not have been used had they been in good order and the accident would have occurred just the same.

■ The truck while negligently driven ran over and killed the boy. Reasonable minds cannot differ upon the fact that the truck was the instrumentality which caused the boy's death. But it is essential that the negligence in driving the truck without lights or driving it at an unlawful rate of speed, not only caused the death, but caused it under such circumstances as that it or some similar injury could and therefore should have reasonably been foreseen.

■ We believe that a just appraisal of the facts conclusively shown by the evidence makes the precise question at issue dependent upon whether or not the deceased saw, or was aware of, the truck before he was run over. If he did not see the truck and had no knowledge of its approach, then we think the alleged negligence in driving the truck at an excessive rate of speed was as certainly and conclusively not a proximate cause of the injury as driving it without adequate brakes was not a proximate cause. No issue was submitted to the jury, and none requested, as to whether or not the driver of the truck was negligent in driving it at an unlawful speed. There was no evidence that the truck was going over 45 miles an hour—

the speed prohibited by law. Although as a matter of law that issue was waived, still we think it must be considered because if that was a proximate cause of the injury and was waived it may be that an issue of fact would thereby be raised as to whether the negligence of driving the truck without lights was a contributing proximate cause. It is our conclusion that the facts hereinabove recited leave no room for reasonable minds to differ as to the correctness of the inference that the deceased did not see, and was not aware of, the truck until he was struck, or the truck was so close upon him that he could not avoid being run down. He lived on the west side of the road. As the lighted truck passed him, he was seen standing by the side of the road waiting for it to pass. He saw but one set of lights approaching, for there were no others. He assumed, and had the right to assume, having nothing to suggest the contrary, that only one car was approaching within the range of his vision. He was shown to be an active, alert boy. Immediately after the lighted truck passed, he was seen to start across the road. Almost instantly the observer says, and there is nothing to cast suspicion upon the fact, he felt that he had been hit and heard him yell. We can in the entire statement of facts find no fact in evidence that could reasonably support an inference other than that he did not see or know of the approach of the unlighted truck. The duty imposed by law upon the driver of the truck was not merely for the benefit of the truck driver to enable him to see and therefore avoid injury to others. That, we think, would be a wholly unreasonable interpretation of the statute. The duty enjoined was equally for the benefit of others to enable them to avoid injury from approaching motor vehicles in whose path they might rightfully be. It therefore makes no difference whether when the boy stepped into the highway, he was two feet or a hundred feet from the approaching automobile. If he had no knowledge of its approach, his situation would be the same. He had no occasion to wait or to hurry. We think the conclusion inescapable, and that reasonable minds cannot differ upon the proposition that the negligence in driving the car along the highway in the dark was the proximate cause of the boy's death. The driver could, and should have foreseen that under the circumstances disclosed by the undisputed facts some person was like-

ly to be injured as the result of his unlawful act.

█ We can think of but one argument with even a semblance of plausibility which could be made against the validity of this conclusion. In the realm of pure speculation, it is conceivable that deceased met his death from causes which, if shown, would render the negligence of driving without lights not the proximate cause. The boy may have had an attack of heart failure just the instant before the truck struck him. ·Premising as a fact that the boy saw the truck, he may have jumped ·in front of it with suicidal purpose. Does the bare possibility, not suggested by any evidence, that another cause may have intervened raise an issue of fact? We do not think so. Abstract possibilities will not alone support jury verdicts. Neither, we think, will they have the effect of converting the clear purport of uncontroverted evidence into an issue of fact.

It is therefore our conclusion that the judgment of the court below should be affirmed and it is accordingly so ordered.