**POSTAL TELEGRAPH & CABLE CO. v. SAPER.**

No. 10106.

Court of Civil Appeals of Texas. San Antonio.

July 21, 1937.

Rehearing Denied Aug. 18, 1937.

Brooks, Napier, Brown & Matthews and W. F. Nowlin, all of San Antonio, for appellant.

Sylvan Lang and Dalton Cross, both of San Antonio, for appellee.

SLATTON, Justice.

Alexander Saper sued Postal Telegraph & Cable Company in the county court at law No. 1 of Bexar county for damages to his automobile. A trial before the court resulted in a judgment in favor of Saper and against the Telegraph Company. The trial court filed findings of fact and conclusions of law. No attack is made on the sufficiency of the evidence to sustain the findings or the judgment.

The trial court found that the employee of appellant was guilty of negligence in turning to the left, without giving any warning or signal and suddenly swerving in front of the automobile driven by appellee, and attempting to make a left-hand turn at a street intersection; that such negligence was the proximate cause of the injury and damage to appellee's automobile. The trial court found that the appellee was guilty of negligence in the violation of two city ordinances, one providing that no automobile should be operated at a greater rate of speed than fifteen miles per hour on any street in the downtown business district, and the other making it unlawful for any person to operate an automobile past any street intersection within the downtown district at a speed of greater than eight miles per hour; but that such negligence was not the proximate cause of the damage to appellee's automobile.

Appellant asserts that under these findings the appellee is not entitled to recover as a matter of law. In the determination of the question as to whether appellee was responsible, the factors to be considered are the same as they are where the question is as to whether the appellant was responsible. 30 Tex.Jur. p. 759, par. 92.

In other words, "the same principles of law governing the application of the law of proximate cause in the ordinary negligence case are applicable in cases of contributory negligence." Dallas Ry. Co. v. Eaton (Tex.Civ.App.) 222 S.W. 318, 319.

Our Supreme Court, in applying these rules to one seeking recovery in a negligence case, uses this language in the case of Waterman Lumber Co. v. Beatty, 110 Tex. 225, 218 S.W. 363, 364: "There is no doubt that it is essential to the maintenance of an action for damages for a personal injury, founded on the violation of a statute, to establish, not only a violation of the statute, but that the violation was the proximate cause of the injury. Though the violation of the statute would be negligence per se, the action would fail without a showing of proper causal connection between the negligence and the injury." See, also, St. Louis, Brownsville & Mexico Ry. Co. v. Price (Tex.Com.App.) 269 S.W. 422.

Our Supreme Court in an early case of Wells Fargo & Co. v. Benjamin, 107 Tex. 331, 179 S.W. 513, 514, said: "If each party to the suit was guilty of negligence, then it became a question for the jury to determine, the trial being had before a jury, whose negligence proximately caused the injury."

In the case before us, the trial court having found that each of the parties was guilty of negligence, it was then his duty, the trial being before him, to find whose negligence proximately caused the injury. The trial court having found that the employee of appellant was guilty of negligence, as aforesaid, and that his negligence was the proximate cause of the appellee's injury, the judgment entered by the trial court in favor of appellee was correct and is affirmed.