## EL PASO ELECTRIC CO. v. DE NUNEZ.

### No. 3697.

Court of Civil Appeals of Texas. El Paso.

June 16, 1938.

Rehearing Denied July 7, 1938.

Brown & Brooke, of El Paso, for appellant.

R. E. Cunningham and Alex Silverman, both of El Paso, for appellee.

WALTHALL, Justice.

Appellee, plaintiff in the trial court, a feme sole, brought this suit in the Sixty-fifth District Court of El Paso County, Texas, against appellant, El Paso Electric Company, a corporation, to recover damages for personal injuries which she alleges she received on or about April 24, 1937, in the City of El Paso, Texas, as the result of the negligence of appellant's motorman proximately causing appellee to fall from a street car and sustain the injuries of which she complains.

Appellee alleged, and the uncontroverted facts show, that appellant is engaged in operating street car lines in the City of El Paso, one line known as the Fort Bliss line and one line known as the Manhattan line, and on each of said street car lines appellant is engaged in conveying passengers for hire, and as such is a common carrier.

On the 24th day of April, 1937 appellee boarded one of appellant's street cars on the Manhattan car line, and when she arrived on said car at Five Points, a transfer point to the Fort Bliss car line, appellee alleges that the following occurred, and which appellee assigns as negligence on the part of appellant and the proximate cause of her injuries of which she complains:

The acts and conduct on the part of appellant's motorman assigned as negligence and as causing her injuries appellant denies as having occurred.

Appellee alleges that when the Manhattan car on which she was a passenger arrived at Five Points she asked appellant's motorman for a transfer to the Fort Bliss

line; whereupon appellant's motorman "stated to appellee in an insulting, rude, angry and threatening manner, shaking his transfer punch and the transfer in plaintiff's face, substantially as follows: 'Why didn't you ask for a transfer when you got on?' To which plaintiff replied, 'Excuse me.'" Appellee alleges that thereupon, on account of said language and conduct of said motorman appellee became very nervous, frightened and confused, humiliated, and began to leave the street car in such condition, and that in so doing she fell from the front platform of the street car to the pavement and broke her left leg, and that she was otherwise injured and bruised. Appellee alleged that as a direct result of said injuries she suffered pain and mental anguish in the past and will continue to so suffer in the future; that her injuries are permanent in that her leg will never return to normal, and that she will suffer from such weakness in the future.

Appellee alleged that as a result of her injuries she was confined to the hospital and to her home for a time; that it was necessary to place her leg in a cast for about six weeks from which she suffered pain, and alleged other matters which the court submitted in the charge. Appellee alleged her age to be thirty-nine years, her earning capacity to be approximately $15 per week, and alleged her damages at $5,000.

Appellant answered by general demurrer, special exceptions, general and special denial and contributory negligence on the part of appellee. We have not found in the record that the demurrer or any of the exceptions were presented to or passed upon by the trial court.

The court overruled appellant's motion for an instructed verdict and submitted the issues of fact to a jury, and upon their findings rendered judgment in favor of appellee and against appellant in the sum of $2,003, from which appellant prosecutes this appeal.

## Opinion.

The court overruled appellant's motion for new trial. Appellant filed assignments of error. In its brief appellant submits that the only real question involved in the appeal is "whether there is any evidence to show any act upon the part of defendant's employee warranting a recovery" on the part of appellee. Appellant's several propositions question the language and conduct of the street car operator at the time appel-

lee requested the transfer as being reasonably calculated to proximately cause any such accident and injury as complained of by appellee. Appellant submits that there was no causal connection between the language and conduct of the motorman and the accident or appellee's fall causing her injuries; that any relation between the alleged cause and appellee's fall is too remote; that mere gruffness or rudeness on the part of car operator does not ordinarily give rise to a cause of action for damages, other than for humiliation and embarrassment.

All issues were submitted upon a preponderance of the evidence. Appellee testified she was a passenger and had paid her fare on appellant's Manhattan car line at the time she requested a transfer to the Fort Bliss car line.

On the issues submitted the jury found that the car motorman, in a rude, angry and threatening manner, said to appellee, "Why didn't you ask for a transfer when you got on?" that such manner was reasonably calculated to excite or disturb a person of ordinary temperament; that the motorman was negligent in so acting, and that such negligence proximately caused appellee to fall and break her leg, as complained of; that the injuries complained of were not the result of an unavoidable accident.

On several issues submitted the jury found for appellee on alleged acts of contributory negligence.

The jury found that appellee was humiliated and embarrassed by the words and conduct of the motorman, and assessed her damages at one dollar; that appellee suffered mental pain in the past proximately resulting from the fall, and assessed such damages at one dollar; that appellee suffered physical pain in the past and assessed such damages at $1,000; for future mental pain which the jury found appellee would suffer the damages were assessed at one dollar; for lost time appellee has been prevented from laboring and earning money in the past the jury assessed the damages at $680, and for lost time from laboring and earning money in the future the jury assessed the damages at $150, and for diminished capacity to labor and earn money in the future, the jury fixed her damages at $164.

The court rendered judgment for appellee in the sum of $2,003, with interest from October 8, 1937, and all costs.

Briefly stated and in narrative form, the evidence is:

Appellee testified: When she asked the car conductor for the transfer he got very angry. "He pointed the punch at me and said, 'Why didn't you ask me for the transfer when you got on the car?'" (Indicating by shaking her hand on answering the question what did the conductor do and how did he act). "When he talked to me that way," witness said, "I became frightened and I became trembling, and said, 'Excuse me, Mister.'"

"Q. What did you do? A. I became very nervous and very much embarrassed, and I undertook to get off the car, and my foot fell to the ground and right away it broke. I was still ashamed and frightened.

"Q. Now when he shook that transfer punch in your face did that cause you to hurry out of the car? A. Yes. I went out more rapidly, because I felt embarrassed there in front of the people, and I said, 'Excuse me, Mister.'"

Appellee and other witnesses testified that appellee fell from the top step of the car, the platform, to the pavement and in falling she hit the stop sign, the safety button. One witness said she fell from the inside of the car. Appellee testified that she had theretofore asked for the transfer at Five Points.

The evidence clearly shows that in the fall from the street car appellee's left leg was broken and the other injuries sustained, which we need not state.

The evidence also is sufficient to justify the submission of the issues as to the value of appellee's damages for loss of time and prevention from labor and earning money, which is not questioned, and which we need not state.

We do not find in the propositions submitted that the amount of the damages is excessive. It is claimed only that under the facts pleaded and the evidence offered no cause of action is stated or shown, in that the motorman, from the facts pleaded, could not have foreseen that any damage to appellee could proximately have resulted therefrom as the natural and probable result of the acts. Here there was no new or intervening cause for the injury pleaded or shown, and the rule is well sustained that where injury or damage has resulted from a wrongful act which is the original cause of an event and which has been set in motion by the party, he may be held to be responsible for the result. It can hardly be said that the acts and conduct of the motorman, as pleaded by appellee and found by the jury, when she asked for the transfer, were not rude, improper or wrongful, or that the natural and probable result of such conduct would not have the effect upon appellee which she alleged it did have upon her. At least the acts and conduct of the motorman were in violation of that degree of care which the law imposes upon the carrier of passengers to protect her from misconduct and injury by those in charge of appellant's business.

In support of its proposition that the rudeness of the conductor could not be the proximate cause of plaintiff's injury appellant cites Pure Distributing Corporation v. Carey, Tex.Civ.App., 97 S.W.2d 768, in which it was held by a divided court that defendant's negligence was not the proximate cause of injury to plaintiff. Defendant's truck driver permitted a fastener upon his truck to remain loose. The driver was hauling empty cans in the truck and had full knowledge of the defective fastener. One of the cans fell from the truck when the fastener came loose; it struck the ground; the top blasted off and flew through the air, striking the husband Carey, who was lying on a cot some twenty or thirty feet from the road, thereby producing a severe wound on his head. The wife, who was inside a trailer, heard the commotion, saw something fly through the air, and heard her husband cry out. She jumped from her bed, rushed out and saw her injured husband and a miscarriage followed from the emotional disturbance that she had experienced. On January 6, 1937 the Supreme Court granted a writ of error upon the first assignment of error, which reads as follows:

"The Court erred in holding that the evidence fails to support the jury finding that the negligence of the driver in operating the truck with defective fasteners was a proximate cause of plaintiff's damage, because it is not essential that the truck driver foresee the precise form of injury or the particular manner in which it occurred, and the exact occurrence need not be actually anticipated as the truck driver was required only to foresee in a general way the consequences of his act."

The cases referred to in 30 Tex.Jur. on page 701 state the duty which the law imposed upon appellant, and are applicable here.

The case is affirmed.