**WRIGHT v. McCOY.**

No. 1906.

Court of Civil Appeals of Texas. Eastland.
May 12, 1939.

On Rehearing June 9, 1939.

On Second Motion for Rehearing
July 7, 1939.

Smith & Eplen, of Abilene, for appellant.

Scarborough & Ely, of Abilene, for appellee.

FUNDERBURK, Justice.

W. P. Wright, by this suit, sought recovery of damages from O. D. McCoy resulting from a collision upon a highway, between plaintiff's truck, driven by his servant, Bob Pardue, and defendant's truck driven by his servant, Bill Thornhill. The damages were alleged to have been the proximate result of "the negligence of defendant's driver * * * in that he failed to drive on his right-hand side of the highway, failed to give plaintiff's driver one half of the road, and failed to keep a proper look-out for other vehicles which were then and there using said highway."

The defendant, in addition to exceptions and general denial, pleaded defensively as contributory negligence and alleged by way of cross-action against plaintiff for damages to defendant's truck, negligent acts and/or omissions of plaintiff's truck driver, and that same were proximate causes of the collision and injuries.

In his cross-action, McCoy alleged generally that "there is a culvert upon said highway * * * which culvert is narrow and not of sufficient width to permit two automobiles to cross it at the same time without collision; that defendant's truck, operated by Thornhill, entered upon such culvert; that a truck owned by the plaintiff and operated by Bob Pardue, an employee of plaintiff, was proceeding in a northerly direction upon said highway and was about one hundred feet south of said culvert when the defendant's truck entered upon same; that the plaintiff's employee did not stop and wait for the defendant's automobile to safely cross said culvert, but continued to travel at a high rate of speed; that the driver of defendant's truck swerved to the right upon emerging from the culvert in an attempt to avoid a collision, but that by reason of said Pardue's negligence as hereinafter alleged specifically, a collision occurred."

The specific allegations of negligence (omitting those not sustained by any evidence and not submitted to the jury) were (1) "In traveling at a high and excessive rate of speed, to-wit, a speed in excess of twenty-five miles per hour; (2) In failing to stop in order to permit the defendant's truck to safely cross the one-way culvert; * * * (5) In failing to slow down plaintiff's truck in order to permit defendant's truck to safely emerge from the culvert."

The jury, to whom the issues were submitted, found by their verdict that McCoy's driver failed to drive on the right-hand side of the highway so as to give plaintiff's driver one half of the road, that such failure was not negligence, that plaintiff's driver Pardue was negligent in driving plaintiff's truck at a speed of more than 25 miles per hour, that such negligence was the proximate cause of the collision, that plaintiff's driver failed to slow down in order to permit plaintiff's truck to safely emerge from the bridge, which failure was negligence and the proximate cause of the collision, that the collision was not the result of an unavoidable accident. Plaintiff's damages were found to be the sum of $153.50 and defendant's damages $50.

Upon such verdict the court rendered judgment to the effect that Wright take nothing and that McCoy recover upon his cross-action the sum of $50. Wright has appealed.

The finding of the jury to the effect that McCoy's driver failed to drive on his right-hand side of the highway so as to give plaintiff's driver one half of the road, considered in connection with McCoy's allegation to the effect that when his truck entered upon the culvert plaintiff's truck was "about 100 feet south of said culvert" together with the undisputed evidence, convicted McCoy's driver of negligence per se. Under the undisputed evidence, as we view it, it was practicable for McCoy's driver to drive on his right-hand side of the road, and the road on his left-hand side, from the time he entered upon the culvert, was not "clear and unobstructed

for a distance of at least fifty yards ahead." P.C. art. 801(A); Texas Co. v. Betterton, 126 Tex. 359, 88 S.W.2d 1039; Allen v. Denk, Tex.Civ.App., 87 S.W.2d 303; Muckleroy v. C. S. Hamilton, Tex.Civ. App., 33 S.W.2d 260; Schuller v. Fears, Tex.Civ.App., 67 S.W.2d 343.

■ ■ McCoy failed to prove, or to raise an issue of the fact, alleged by him that the culvert "was not of sufficient width to permit two automobiles to cross at the same time without collision." The evidence being conclusively to the contrary, Wright's driver, as a matter of law, was under no duty to "stop and wait for the defendant's automobile to * * * cross said culvert" or to "slow down plaintiff's truck in order to permit defendant's truck to * * * emerge from the culvert." Absent that duty, those two grounds of negligence failed of necessary support in the evidence. They were also conclusively not established for the further independent and all sufficient reason that the collision did not occur on the culvert, but some 20 to 35 feet from same after McCoy's truck had passed over the culvert.

It next remains to consider (1) whether McCoy's driver in traveling on the left-hand side of the road, as found by the jury, which we have held to be negligence per se, was the proximate cause of the collision, and (2) whether the negligence of Wright's driver, as found by the jury (driving more than 25 miles per hour), was a concurring proximate cause.

In all material respects the evidence was the same as it was upon a former appeal of the case. Wright v. McCoy, Tex. Civ.App., 110 S.W.2d 223, 224. In that opinion we said: "The undisputed evidence showed that Wright's truck was going north and McCoy's truck south upon a highway, the paved, traveled surface of which was 15½ feet wide. The collision occurred from 20 to 35 feet south of a bridge. The bridge was 39 feet long. A paved, traveled way over it was 17 feet 10 inches wide, with an 18½ feet clearance between wooden banisters. Plaintiff's truck was 7 feet 3 inches wide, and defendant's truck between 7 feet 3 inches and 7 feet 6 inches wide. * * * The undisputed evidence having shown that McCoy's truck had crossed over the bridge before Wright's truck ever reached the bridge, and that the bridge was 2 feet and 4 inches wider than the road approaching the bridge, the only conclusions permissible are that the collision was caused solely by McCoy's truck not being on its right-hand side of the road, or Wright's truck not being on its right-hand side of the road, or neither truck being on its right side."

The jury in the subsequent trial having determined that McCoy's truck was being driven on its left-hand side of the road, and we having concluded that under the undisputed evidence that constituted negligence as a matter of law, we further conclude, as a matter of law, that such negligence was a proximate cause of the injury, and that Wright was entitled to judgment in his favor unless precluded by contributory negligence of his driver. Ramirez v. Salinas, Tex.Civ.App., 90 S.W.2d 891, Id., 131 Tex. 537, 117 S.W.2d 56.

■ For negligence of a plaintiff (or negligence imputable to him) to have the effect of precluding the recovery by plaintiff for damages proximately caused by negligence of a defendant, such negligence of plaintiff must have been a proximate cause of the injury. Dunn v. Texas Coca Cola Bottling Co., Tex.Civ.App., 84 S.W.2d 545, and authorities cited; Southland Greyhound Lines v. Richardson, 126 Tex. 118, 86 S.W.2d 731; Dillingham v. Currie, Tex. Civ.App., 92 S.W.2d 1122; Great A. & P. Tea Co. v. Walker, Tex.Civ.App., 104 S.W. 2d 627; Williams v. Long, Tex.Civ.App., 106 S.W.2d 378; Postal Tel. & Cable Co. v. Saper, Tex.Civ.App., 108 S.W.2d 259; Ramirez v. Salinas, Tex.Civ.App., 90 S.W. 2d 891.

■ ■ Did the speed of Wright's truck cause the injury? We may begin with that inquiry since technical proximate cause includes simple cause. Therefore, if the speed of the truck was not a cause of the collision, then such speed, if negligence, was not a proximate cause of the injuries resulting from the collision. Under the jury's finding that McCoy's driver was driving the truck on his left-hand side of the highway, supplemented by the undisputed evidence, we are unable to see that the speed of Wright's truck was a cause of the collision. There was no evidence to support the conclusion, or inference, that if Wright's truck had been traveling 24 miles an hour, or 5 miles an hour, or even had it been standing still in the place of the collision, such collision would not have happened. It is equally apparent that but for the negligence of McCoy's driver there is no evidence to support a conclusion or warrant an inference that if Wright's truck

had been going 60 miles an hour the collision could have occurred as a result of such speed. The speed of Wright's truck could not have been a cause of the collision, except only in some such sense as that if his truck had not been on the highway at all the collision would not have occurred. That is not believed to be within the common and ordinary meaning of the word "cause." Granted, as must be, the right of plaintiff to have his truck driven on the highway there was no evidence of any causal relation between the mere speed of the truck and the collision.

It is therefore our conclusion that the court erred in rendering judgment for defendant, that the judgment should be reversed and judgment rendered that Wright recover of McCoy his damages in the sum of $153.50, with costs of the trial court and the costs of appeal, and that McCoy take nothing by his cross-action. It is accordingly so ordered.

### On Rehearing

■ McCoy's well-reasoned motion for rehearing has at least succeeded in creating a doubt in our minds upon the questions determining whether the cause should be remanded rather than judgment rendered. We adhere to the conclusion that the facts found by the jury in connection with the undisputed facts show that McCoy's driver was guilty of negligence per se. Such negligence under any view was at least a proximate cause of the collision. Under these conclusions the judgment in favor of McCoy awarding him a recovery on his cross-action cannot stand.

■ If it was an issue of fact whether the negligence of Wright's driver was a proximate cause of the collision and injuries, then likewise it was an issue of fact whether the negligence of McCoy's driver was a proximate cause. These questions are material here, only upon the question of whether the case should be remanded or judgment rendered for one of the parties. There happens to be presented a situation where it does not result that if plaintiff is not entitled to recover, then the defendant is entitled to recover, such situation existing by reason of the cross-action based upon the same transaction. It may be we were in error in holding that as a matter of law the negligence of Wright's driver was not a cause of the injury, and hence we have concluded to change our order to provide that the judgment of the

court below shall be reversed and the cause remanded. It is so ordered.

### On Second Motion for Rehearing.

McCoy, construing our action upon his first motion,—namely, in remanding the case instead of rendering judgment,—to be for the sole purpose of enabling him to try out his cross-action, proposes to waive such right, and requests the court to affirm the judgment. Our purpose in remanding the case was not merely to permit McCoy to try out his cross-action, but to enable Wright to have a new trial of his case, free of the errors held to have accrued in the former trial.

McCoy's second motion requires consideration of a question which it suggests, namely, whether the errors in the trial should be regarded as harmless, and thus enabling this court to affirm the judgment upon that theory.

■ The issues of contributory negligence were determined by the verdict of the jury against Wright in favor of McCoy. Ordinarily a proper determination against the plaintiff of the issues of contributory negligence may render immaterial, and, therefore, harmless errors affecting the determination of issues involved in plaintiff's cause of action against the defendant. Such general rule applies where the issues of contributory negligence, and the supporting and rebuttal evidence upon such issues, are of a distinct subject matter from the issues involved in plaintiff's cause of action, and the supporting and rebuttal evidence upon the latter issues. Where such subject matter is distinct, errors in the submission of one class of issues are not reasonably calculated to prejudicially influence the determination of the other class of issues. This, we believe to be the test determinative of the question of harmless error under consideration.

Now, in the instant case, it so happens that any evidence tending to show that the negligence of McCoy's driver in driving on the wrong side of the road, was a proximate cause of the collision and consequent injury to both plaintiff and defendant, was in the nature of rebuttal evidence upon the issues involved in the question of contributory negligence on the part of Wright's driver. As shown by the opinion on the first motion for rehearing, the issue of whether the negligence of McCoy's driver was a proximate cause of the injury and the issue of whether the negligence of

Wright's driver was a proximate cause were so inter-related and dependent one upon the other that if one was a question of law so was the other, and if one was a question of fact so also was the other.

■ ■ Wright was entitled to have the jury find by their verdict whether the act of McCoy's driver in driving on the wrong side of the road was a proximate cause of his injuries. This issue was not passed upon by the jury, their failure to do so being induced by the error of the court in submitting as an issue a matter of negligence per se thus permitting the jury to determine that driving on the wrong side of the road was not negligence. Can we be certain that if the court had recognized negligence per se and submitted to the jury the issue of whether such negligence was a proximate cause of the injuries, the jury would nevertheless have found, as they did, that the speed of Wright's truck was a proximate cause? Although there may be no necessary inconsistency in so finding, yet since each such finding would be based largely upon the same evidence, we think it does not appear beyond a reasonable doubt, as the law requires that it must, that Wright suffered no prejudice from the error which deprived him of a verdict upon the issue of whether the negligence of McCoy's driver was a proximate cause of the injury. It cannot, we think, be said, as a matter of law certainly and free of doubt, that the jury had they found that McCoy's driver's negligence was a proximate cause of the collision would have also found, as they did, that Wright's driver's negligence was a proximate cause. The well recognized principle that the theories of each party should be independently submitted, and that the finding of one should not be conclusive of the harmless effect of the failure to submit the other, lends support to this view.

In Thurman v. Chandler, 125 Tex. 34, 81 S.W.2d 489, it was said to be settled "that either party is entitled to have any fact or group of facts raised by the pleadings and the evidence affirmatively and directly presented to the jury" and that "it is no answer to say that the findings on other issues actually submitted to the jury amounted to a finding on an issue not submitted. The conditions as they existed before not after the verdict must control." This is, of course, only persuasive upon the present question but it affords some analogy in that two distinctly opposite theories were involved as to the cause of the injury. Both were entitled to be submitted but because of the error of the court only one in legal effect was submitted.

It is our conclusion that the errors for which the reversal has been ordered cannot properly be held to have been harmless, and that, therefore, the second motion for rehearing should be overruled. It is accordingly so ordered.