**Jerrell Royce HOLT, Appellant,**

v.

**Julius RAY, Appellee.**

**No. 4216.**

Court of Civil Appeals of Texas.

Eastland.

Dec. 13, 1968.

Rehearing Denied Jan. 3, 1969.

Turner, Rodgers, Winn, Scurlock & Terry, John H. McElhaney, Dallas, for appellant.

Hyde, Tucker, Gano, Easterling & Brown, Paul K. Hyde, Dallas, for appellee.

COLLINGS, Justice.

Julius Ray brought suit against Jerrell Royce Holt seeking to recover damages sustained to his automobile in a collision involving vehicles belonging to plaintiff, defendant and a third individual who is not a party to this suit. There were two separate impacts, one between plaintiff's and defendant's vehicles and the second following in close sequence between the automobiles of plaintiff and the third party. The jury found that on the occasion in question Holt failed to keep a proper lookout, that he entered the intersection when the automobile driven by plaintiff was within the intersection, or was approaching so close thereto as to

constitute an immediate hazard; that such conduct was negligence and proximately caused the collision between appellant's and appellee's automobiles, and that as a direct and proximate result of the "events" on the occasion in question appellee sustained damages to his automobile in the amount of $617.99. Based upon the verdict, judgment was rendered for the plaintiff for the damages to his automobile caused by both impacts. Holt has appealed.

The record shows that appellee, Julius Ray was, on the rainy misty day in question, driving his Buick automobile west on Illinois Avenue in the right hand or curb lane. At the point of the collision on Illinois there are for west bound traffic three lanes and a turn lane. Appellant Holt was the operator of a Chevrolet automobile which was traveling on Southerland Street and had entered the intersection from the north. At the time of the accident appellant's Chevrolet protruded south about one and one-half to three feet into appellee's lane of traffic in Illinois Avenue. In an attempt to miss Holt's vehicle which had entered into his lane of traffic appellee swerved his car to the left and partially into the traffic lane immediately to his left. Appellee almost avoided a collision with appellant's car. The back bumper of his car barely struck or grazed the front bumper of Holt's car. The only damage sustained to appellee's car by that impact was to appellee's back bumper. Thereafter, in close sequence, the third vehicle which was traveling west on Illinois in the next lane to appellee's left struck appellee's vehicle causing substantial damages to the left side thereof. It is undisputed that appellee intentionally caused his car to swerve to the left in an attempt to miss appellant's car thereby causing the second impact with the Plymouth automobile which was traveling in the same direction as appellee in the lane immediately to appellee's left, either beside appellee or a little behind him. The evidence in our opinion shows conclusively that if appellee had continued in his own lane of travel, without bearing left in an attempt to miss appellant's car, a much more serious collision with appellant's automobile would have been inevitable.

In answer to special issue number six of the court's charge, the jury found that the sum of money which would fairly and reasonably compensate appellee for the reasonable and necessary repairs to his Buick automobile directly and proximately resulting "from the events of April 22, 1966", was $617.99. Appellant objected to special issue number six asserting that such issue as worded allowed plaintiff recovery for additional and greater damage caused by appellee's swerving to his left, and that the court was thereby allowing appellee to recover for damage not proximately caused by defendant's negligence. Appellant's sole point on appeal urges in effect that the court erred in submitting such issue because it did not limit appellee's recovery to damages proximately caused by appellant's negligence. The point is as follows:

"The trial court erred in submitting special issue No. 6, the damage issue, and erred in rendering judgment based upon said issue which allowed the jury to make a damage award for any auto damage 'resulting from the events of April 22, 1966' because said issue:

A. Did not confine the damage award to damages, if any, proximately caused by the alleged negligence of the defendant. B. Allowed plaintiff recovery for additional and greater damages resulting from a second collision between plaintiff's vehicle and a third vehicle without any finding as to the proximate cause of the second collision. C. Allowed recovery for damages resulting from the second collision despite the fact that all of the liability issues which were submitted inquired solely as to the cause of the first collision between the plaintiff's and the defendant's vehicle and no finding was made attributing the second colli-

sion to any act or omission of the defendant."

■ Appellee Ray, as plaintiff, had the burden to show that Holt was guilty of the negligence alleged in his petition and that appellee suffered damages to his automobile which were proximately caused by such negligence. The jury found that Holt was guilty of negligence in entering the intersection in front of appellee's approaching automobile and that such negligence proximately caused the collision between appellant's and appellee's automobiles, referred to herein as the first collision. Appellant does not complain of these findings. He urges, however, that the first collision caused only a minor part of the damages which issue number six authorized the jury to assess, and that the undisputed evidence shows the greater portion of the damages to appellee's automobile resulted from the second collision. Appellant contends that issue number six, is too broadly worded; that the issue allowed appellee to recover all his damages "resulting from the events of April 22, 1966"; that it allowed appellee to recover for a second and separate impact with a third vehicle even though no issues were submitted to the jury inquiring as to the cause of the additional collision. Appellant asserts that the court in rendering judgment for appellee for all the damages resulting from both collisions has, in effect, found or assumed that appellant's negligence in wrongfully entering the intersection was, as a matter of law, a proximate cause of appellee's second collision, and the damage to his car. Appellant contends that such an assumption is not warranted. He contends that there is room for reasonable minds to differ as to whether his said negligence was a proximate cause of the additional damages resulting from appellee's deliberate act of swerving into the path of the Plymouth which was traveling in the traffic lane immediately to his left and the resulting second collision. In our opinion this contention is not well taken.

■ "Proximate cause" is generally defined as that cause which, in its natural and continuous sequence, unbroken by any new and independent cause, produces a result, and without which cause, such result would not have occurred, and which result, or some similar result, would have been reasonably foreseen by a person of ordinary care in the light of the attending circumstances. The term proximate cause was so defined by the trial court. The issue of proximate cause is ordinarily a question of fact for determination by the jury. It is held, however, that although such cases are rare, there are instances where the facts are such that reasonable minds can arrive at only one conclusion. In such a case a court may be warranted in holding, as a matter of law, that a given act of negligence proximately caused an injury. 40 Tex.Jur.2d pages 709, 710; 65A C.J.S. Negligence § 264, p. 920; Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063, (1939); Missouri-Kansas-Texas R. Co. of Texas v. Cheek, Tex.Civ.App., 18 S.W.2d 804, (writ dism. w. o. j. 1929); LeBlanc, Inc. Gulf v. Bitulithic Co., Tex.Civ.App., 412 S.W.2d 86, (ref. n. r. e. 1967).

■■ Where injury or damage has resulted from a wrongful act which is the original cause of an event, in that, such event is a part of a chain of events set in motion by a party, such party may be held responsible for the total result. El Paso Electric Co. v. De Nunez, Tex.Civ.App., 118 S.W.2d 914, (writ dism., 1938). Thus a tort feasor is liable for the natural, ordinary and probable consequences that result from his negligent act, and, even though the damage is immediately inflicted by another, the negligence of the original tort feasor may be a proximate cause of the damage so as to impose liability on him therefor. 62 A.L.R. 1148; Thurman v. Chandler, 125 Tex. 34, 81 S.W.2d 489 (1935); Southwestern Portland Cement Co. v. Reitzer, Tex.Civ.App., 135 S.W. 237, (no writ history, 1911).

In our opinion the undisputed facts in the instant case are such that there is no

room for reasonable minds to reach any other conclusion than that appellant's negligence in entering the intersection, which negligence the jury found proximately caused the first collision also proximately caused the second collision and the resulting damages to appellee's automobile. It was because of appellant's negligence in wrongfully entering the intersection so as to protrude one and one-half or three feet into the lane of traffic in which appellee was traveling that appellee was required to and did intentionally swerve his car to the left in an effort to avoid a collision. As heretofore noted appellant contends that there is room for reasonable minds to differ as to whether his negligence was a proximate cause of the additional damages resulting from appellee's act of swerving into the path of the Plymouth on his left. We cannot agree with this contention. Appellee did swerve to the left but did so in an effort to avoid a collision. He did not entirely avoid a collision with appellant's car, but that collision and damage therefrom was slight. The undisputed evidence and facts show conclusively that if appellee had continued in his own lane of traffic without bearing to the left in an attempt to avoid a collision with appellant, there would have been a much more serious collision and wreck. Under such circumstances appellee was justified in so bearing to the left. The evidence further shows conclusively that although appellee did not bear to the left enough to entirely avoid contact with appellant's car he did pull his car into the traffic lane on his left to such an extent that he was hit by the Plymouth automobile traveling in the same direction in that lane. The evidence conclusively shows that appellant's negligence in entering the intersection was the efficient cause which in its natural and continuous sequence, unbroken by any efficient intervening cause also produced the second collision and all the damages to appellant's car caused by both collisions. Ramirez v. Salinas, Tex.Civ.App., 90 S.W.2d 891, (writ dism., 1936); Ramirez

v. Salinas, 131 Tex. 537, 117 S.W.2d 56 (1938); 65A C.J.S. Negligence § 264, pp. 920, 921.

■ We can find no evidence of any fact or circumstance which would support an inference that any new and independent cause intervened between appellant's negligence and the second collision and resulting damage to appellee's car thereby breaking the causal connection between appellant's negligence and the result complained of, and becoming in itself the cause of such result. The only fact or circumstance urged by appellant as a new and independent cause breaking the causal connection between his negligence and the second collision is that appellee swerved to the left to avoid a collision with appellant's car and entered into the traffic lane on his left in the path of the Plymouth automobile. As heretofore pointed out this contention is not tenable. The undisputed evidence shows that if appellee had not swerved to the left as much as he did there would have been a more serious collision between his and appellant's automobiles. If he had swerved further to the left than he did there necessarily would have been a collision with the Plymouth more serious than that which did occur. Such undisputed evidence met appellee's burden to establish that his action in swerving his automobile into the traffic lane on his left was excusable. Hammer v. Dallas Transit Company, 400 S.W.2d 885 (Tex.Sup.Ct.1966). Appellee's act in swerving to the left was one of the chain of circumstances set in motion by appellant's negligence. It did not break the causal connection between appellant's negligence and the second collision. An unbroken chain of circumstances connected appellant's negligence, the first and second collisions and the damages complained of. The evidence conclusively shows causal connection, absence of new and independent cause, foreseeability, and that appellant's negligence was the proximate cause of such second collision and resulting damages.

We cannot agree with appellant's contention that the recent case of J. A. Robin-

son Sons, Inc. v. Wigart, Tex., 431 S.W.2d 327 determines the correctness of his contention that issue number six is so broad that it constitutes reversible error. In that case the issue in controversy inquired whether or not one Britain was a loaned employee "on the occasion in question." It was held by our Supreme Court that where the critical inquiry was whether the employee was a special or loaned employee during the operation out of which the suit arose that the trial court erred in failing to confine the course of employment and special employment issues to the particular action causing the injury. Here the question is whether appellant's negligence was a proximate cause of the second collision and resulting damage. In our opinion the record and the undisputed evidence show it was. Appellant's point complaining of issue number six because it permitted appellee to recover for damages resulting from the second collision is not well taken and is overruled.

The judgment is affirmed.